## ACTION BY STOCKHOLDER FOR INSPECTION OF BOOKS.

Superior Court of Cincinnati.

ADA OLDHAM PEARCE v. HARRY T. ATKINS ET AL.

Decided, January 2, 1913.

*Corporations—Injunction Restraining Refusal to Permit Stockholder to Examine Books and Records—Statutory Right Extends to Preferred Stockholders—Parties—Section 8673.*

1. Where an action is brought against a corporation, and its president is also made defendant therein, as president and individually, and a cause of action is stated in the petition against the corporation but not against the other defendant, the latter will be dismissed from the case, on demurrer.

2. General Code, Section 8673, which prescribes that the books and records of a corporation for profit shall be open for inspection by holders of stock, at all reasonable times, applies to holders of preferred as well as to holders of common stock.

PUGH, J.

The petition shows that the defendant, the Atkins-Pearce Manufacturing Company, is a corporation for profit organized under the laws of the state of Ohio, with an authorized capital stock of $60,000, of which $20,000 is common stock and $40,000 is preferred stock. It further sets out that the plaintiff is the owner of all the preferred stock and that she has demanded and has been refused an inspection of the property, books and records of the corporation, and prays an injunction against the defendants "from refusing to allow her to make an inspection" and for an order of court requiring the defendants to permit the same.

(1) The defendants named are Harry T. Atkins individually, and as president of the Atkins-Pearce Manufacturing Company, and the company itself. The only allegation contained in the petition which mentions the defendant, Harry T. Atkins, is the following:

"That the defendant, Harry T. Atkins, is the president of the said the Atkins-Pearce Manufacturing Company."

He is not said to have done anything, or to have been asked to do anything, or to have omitted or refused to do anything, or to have any connection with any of the matters set out in the petition. Obviously, the mere fact that he is the president of the defendant company is no ground for issuing an injunction against him. Nor in the absence of any allegations showing reasons therefor is there ground for issuing an order requiring him to permit an inspection of the company's property, books and records.

The demurrer will therefore be sustained as to Harry T. Atkins individually and as president of the Atkins-Pearce Manufacturing Company, and he will be dismissed from the case.

(2)   Section 8673, General Code, provides:

"The books and record of such corporation at all reasonable times shall be open to inspection of every stockholder."

The corporations referred to in said section are corporations for profit.

It is now contended that although the statute says: "every stockholder" shall have the right to inspect the books and records, it does not mean every stockholder, but only such as are holders of the common stock as distinguished from those who are holders of the preferred stock.

One is naturally inclined to ask why the General Assembly accorded this right in such express terms to every stockholder, if it meant to exclude therefrom the stockholders who own preferred stock. An examination of the preceding and succeeding sections of the General Code relating to stockholders affords no suggestion that any such distinction was intended.

Neither is there anything in the nature of the interest owned by a stockholder of preferred stock that should exclude him from such right.

The capital stock of the Atkins-Pearce Manufacturing Company consists of common stock to the amount of $20,000 and preferred stock to the amount of $40,000, and the plaintiff owns the entire preferred stock. In other words, she has invested in this business twice as much money as all the other stockholders put together. It is true she has no vote or voice in the control

of the ordinary business of the company, but that is not to say that she has no interest therein. She is something more than a creditor or bondholder of the concern, as claimed. She is more like a silent partner. In certain contingencies which are not infrequent in the history of corporations for profit she would have certain equitable rights which no creditor could possibly claim.

The petition prays an inspection of the property, books and records of the defendant company. Whether the plaintiff has the right to inspect the property of the company it is not necessary at the present time to decide. No statute gives her that right, but the right to inspect the books and records and the refusal of the defendant company to accord her this right states a sufficient cause of action to be proof against a general demurrer.

For these reasons the demurrer of the Atkins-Pearce Manufacturing Company is overruled.